OPINION OFTHE COURT — by the
Hon. HARRY CAGE.
• Complainant charges in his bill that, at (lie instance of.Mr. Farrar, on the 15th day of May, 1 824, he contracted wilh Mary D. Harrison to build her a certain hiuse, as in a written agreement of that date exhibited with the bill, and signed by complainant and said Mary D. Harrison, is set forth and contained; that afterwards this contract was rescinded, and at the like instance of Mr. Farrar, another agreement was made and entered into by complainant and Mrs. Harrison, for the purchase of a house and Jot on 3d Cross street, in..che city of Natchez, of him the complainant, as by a second article of agreement, signed by complainant and Mrs. Harrison, bearing date 21st July, 1824, which is likewise exhibited by complainant with his bill. Complainant charges that both these agreements have been entered into upon the faith of the promise made by Mr. Farrar, that he would abide by the agreement thus made, and carry them into full effect. The consideration money to be paid for said house and lot was $2,500; in the written agreement it was stipulated to be paid by Mrs. H, in two installments, the first of $1000, tobe paid so soon as the house should receive certain repairs, and she put into possession; and $1,050 on the 1st of January, 1825.
*418 But the hill proceeds to charge, that complainant at the time of sale, was indebted to the Bank in an amount somewhat exceeding $2,500, and that Mr. Farrar was his endorser; and being unable to take up said note when due, he so informed Mr. Farrar, who expressly stipulated with ■ complainant, that he would pay up said note on account of the agreement made with Mrs. Harrison for the house and lot, and in performance of said stipulation and promise, did pay the note in bank accordingly, sometime in June or July, 1824, amounting to about $2,600, which left complainant Capt. Farrar’s debtor, for about ‡ 100. — Further charges, that in pursuance of the contract specified, complainant and wife proceeded to execute a deed of conveyance to said .Farrar, for said house and lot, ■•Which deed is exhibited as .of date in September, 1824, but that Mr. Farrar declined an acceptance of the deed, and expressed his wish to have it made to Mrs. Harrison and her infant child, but promised complainant to get the note which had been taken up by J. C. Wilkins, as agent for Mr. Farrar, and have it cancelled or delivered up to complainant. — Further sets forth, that Mrs. Harrison took possession of the house and lot, and occupied the same from July, 1824, to the spring of 1825, when pos- ■ session was relinquished, and complainant was instructed by Capt. Farrar to sell the same for his benefit, and if a loss was incurred, he, Farrar, would bear it; — that I\....ar died in the summer of 1825, and that his administrator coming to the possession of complainant’s said note, put it in suit, and at may term, 1826 recovered judgment for its amount, and ■obtainedexecution thereon. The bill makes Farrar’s administrator and heirs, defendants, prays for, and obtams an injunction of‘the judgment at law, seeks a specific performance of the agreement set forth against the defendants, and that they be compelled to receive complainant’s title to the house and lot, and asks for general relief.
The answer of Farrar’s administrator, denies, generally, all knowledge of the parol promises and undertakings of his intestate, as charged by ■complainant’s bill; he charges upon information, that some differences had occurred between complainant and Mrs. Harrison respecting the house and lot on 3d street, which ended in Mrs. Harrison’s declining the contract, and disclaims all interest and liability of intestate, in the written agreement of Mrs. Harrison respecting said house and lot; charges that *419 Mr. Farrar did, in his life time purchase another house and lot of J. J.. Rowan, for which he paid the sum of $2,500. Defendant admits the note of complainant as specified in the bill, and that Mr. Farrar paid the same as endorser, when it became due, but denies all belief of its having been paid in consideration of the house and lot; charges that Farrar in. his lifetime directed said note to be put in suit for collection against complainant, admits the judgment recovered thereon since his death; defendant also pleaded the judgment at law in bar to complainant’s relief.
In addition to the positive testimony of Mrs. Harrison, on this point,. that complainant, Terrell, rented this house and lot to herself and others, af-terwards, and after the time of his alleged sale to Farrar, Robert McCullough proves likewise that Terrell rented the same premises to him in 1828,. at the rate of $240 per year.
These acts of ownership, on the part of Terrell, together with the facts. and circumstances before recited can only consistently be accounted for in the conclusion before stated, to wit: that the contract was rescinded.
But another very satisfactory reason why complainant is entitled to no relief, is, that it appears by the written contract, that Mrs. Harrison contracted for a house and lot; and the bill shows that this was intended for a dwell ing house. The lines and boundaries are particularly described and fixed, according to the survey made: and from the testimony of McCullough that the lines should be run agreeably to this contract, it will only include one half of the dwelling house, half of the smoke house, and part of the brick cistern, and will not include the ground in front of the dwelling. There is no allegation in the bill that there is a mistake; nor any prayer that the contract be carried into effect, according to the intention of the parties contracting; but the bill requires the contract to be performed according to its letter; to which this objection is raised, which is considered insurmountable, that it will be unconscientious to force the purchaser to receive these premises shorn of half the dwelling, the prin,. eipal object of the contract, and half the other buildings necessary for the enjoyment of the premises in question, and cut off from all ingress and egress.
Without adverting to other points in this case, or making any inquiry respecting the validity of the judgment at law, which hes been pleaded in *420 bar, the court are of opinion that the injunction granted, in this case, he dissolved, with six per cent, damages, and that the bill be dismissed with costs.